IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSE BOND,                          :    CIVIL ACTION
                                     :    NO. 02-8592
          Petitioner,                :
                                     :
     v.                              :
                                     :
JEFFREY BEARD, et al.,               :
                                     :
          Respondents.               :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        April 20, 2016


          Petitioner Jesse Bond is a state prisoner incarcerated
at the State Correctional Institution – Graterford in
Graterford, Pennsylvania. In 2006, Petitioner's habeas petition
was granted in part and denied in part. Petitioner now seeks to
challenge that decision under Rule 59. For the reasons that
follow, the Court will deny the motion.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

          In 1993, Petitioner was convicted of first-degree
murder for shooting a victim during his robbery of a fast-food
establishment in 1991. Bond v. Beard, No. 02-08592, 2006 WL

1117862, at *1 (E.D. Pa. Apr. 24, 2006).[1] He was thereafter sentenced to death for this crime. Id. After exhausting his appeals and applications for relief in state courts, all of which denied his requests, Petitioner filed for habeas corpus relief under 28 U.S.C. § 2254. Id. Judge Fullam, who presided over Petitioner's case at the time,[2] denied habeas relief as to Petitioner's conviction, but granted it as to his death sentence. Id. at *9-10 (holding that Petitioner received ineffective assistance of counsel during the penalty phase of his trial because counsel failed to conduct a reasonable investigation into mitigating factors). The Third Circuit affirmed this decision. Bond v. Beard, 539 F.3d 256, 292 (3d Cir. 2008). Accordingly, Petitioner was resentenced to life imprisonment. See Bond v. Sec'y Pa. Dep't of Corr., No. 13-1858, slip op. at 1 (3d Cir. Feb. 18, 2014).

On July 27, 2015, Petitioner filed a motion for reconsideration under Rule 59(e), asking the Court to reconsider

---

[1] Petitioner, along with another individual, actually committed three such robberies at the time. During each robbery, Petitioner shot someone. Two of the victims died and the third was injured. Petitioner was tried separately for the three crimes and was convicted of second-degree murder, first-degree murder, and attempted murder, respectively. The present case involves only the conviction for first-degree murder. Bond, 2006 WL 1117862, at *1.

[2] Judge Fullam retired in 2011, and the case was reassigned to this Court on October 15, 2012. ECF No. 79.

issues raised in his original habeas motion. The Court ordered a response, which Respondents filed on December 24, 2015.[3] The motion for reconsideration is now ripe for disposition.

## II.  LEGAL STANDARD

A Rule 59 motion to alter or amend the judgment "must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (quoting Nat'l Res. Def. Council, Inc. v. EPA, 705 F. Supp. 698, 702 (D.D.C. 1989)). Such motions "should be granted sparingly and may not be used to rehash arguments which have already been

---

[3]      The Court ordered Respondents to file a response to Petitioner's motion by December 3, 2015. ECF No. 98. On December 9, 2015, Respondents filed a Motion for Enlargement of Time to File Response and a Motion for Permission to File Out of Time. ECF No. 99. The Court granted these motions, extending Respondents' deadline until January 2, 2016. ECF No. 100.

Petitioner thereafter filed a Motion Opposing and/or Objecting to Defendants' Motion for Enlargment of Time, ECF No. 101, and a Motion for Reconsideration of the Court's extension of Respondents' deadline, ECF No. 104, arguing that Respondents had not demonstrated excusable neglect.

To the extent that Petitioner's argument contains any merit, it is moot, because the Response makes no difference in this case: Petitioner's motion is precluded, as discussed below, by the strict deadline of Rule 59(e), and the Court would have reached that conclusion even without the Response. The Court will thus deny as moot the motions challenging Respondents' extension of time.

briefed by the parties and considered and decided by the Court." PBI Performance Prods., Inc. v. NorFab Corp., 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007) (quoting Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526, 527 (D. Del. 2005)). A Rule 59 motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

## III. DISCUSSION

Petitioner states that the purpose of this Rule 59 motion is to correct several clear errors of law in Judge Fullam's 2006 decision denying Petitioner habeas relief as to his conviction. Specifically, he alleges that the district court erred by rejecting his claims that the Government had violated his Fifth and Sixth Amendment rights to counsel.

Of course, Petitioner, in moving to amend a judgment issued nearly a decade ago, faces the problem of Rule 59's 28-day deadline, which the Court is not permitted to extend. See Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." (emphasis added)). Petitioner contends that the Court should consider his motion, even though it is many years late, because he has finally been ruled competent to represent himself. According to Petitioner, he attempted to get his court-appointed counsel removed in 2006 after counsel declined to

4

include the disputed claims in his appeal of Judge Fullam's habeas decision. Pet'r's Mot. Relief at 2-3 & Ex. B, ECF No. 97. That request was denied, however, on the grounds that he was not competent to represent himself. Id. at 2-3. But on May 22, 2015, a state court judge found that Petitioner could finally proceed pro se. See Criminal Docket, Commonwealth v. Bond, No. CP-51-CR-2217781-1992 (Pa. Ct. Com. Pl.). Petitioner thus believes that he should be permitted to bring this motion now, because he was unable to file it during the period it would have been timely.

In other words, this is the motion Petitioner wanted his counsel to file after the initial partial denial of habeas relief in 2006, and Petitioner believes the motion should be valid now because he is newly permitted to proceed without them.

Even assuming that Petitioner's newly established competency somehow reset the Rule 59(e) clock such that Petitioner could revive claims that were rejected in 2006,[4] Petitioner missed the 28-day deadline again: he was found competent on May 22, 2015, and did not file his Rule 59 motion until July 27, 2015 – well over 28 days later, even accounting for prison system delays.

---

[4]      For a number of reasons, this is an enormous assumption of doubtful validity, and Petitioner offers no legal precedent supporting it.

Accordingly, Petitioner failed to file this motion in time, and because the Court is not permitted to extend his deadline, the motion must be denied.

Moreover, even if Petitioner <u>had</u> filed this exact motion within 28 days of Judge Fullam's 2006 judgment, he would still have failed to establish a basis for altering the judgment, as the motion simply disagrees with the reasoning in that decision. <u>See</u> <u>In re Blood Reagents Antitrust Litig.</u>, 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) ("A motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through – rightly or wrongly.'" (quoting <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993))).

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's Motion for Reconsideration of Judge Fullam's partial denial of habeas relief.