IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE BOND, : | |
|     Petitioner, : | |
| : | |
|     v. : | CIVIL ACTION NO. 02-CV-8592 |
| : | |
| JEFFREY BEARD, *et al.*, : | |
|     Respondents. : | |

<u>**MEMORANDUM**</u>

**ROBRENO, J.**                                                                                         **APRIL 19, 2021**

*Pro se* Petitioner Jesse Bond, a prisoner in state custody serving a life sentence for first-degree murder, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b). (*See* ECF No. 114.) Bond seeks to reopen the judgment denying his Petition for Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2254 with respect to his judgment of conviction. Respondents filed an opposition to Bond's Motion, (*see* ECF No. 115), and Bond subsequently filed a reply, (*see* ECF No. 116). Also before the Court is Bond's Request for Permission to Amend his Reply (ECF No. 118).[1] Because Bond's Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b) must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion will be dismissed. Bond's Request for Permission to Amend (ECF No. 118) will be granted.

**I.**     **BACKGROUND**

The procedural history and factual background of Bond's conviction is fully set forth in the Memorandum and Order prepared by the Honorable John P. Fullam, Senior United States District Judge. (ECF No. 65.) Accordingly, the Court outlines only the information necessary to

---

[1] The Court has also reviewed Petitioner's Notice of Moral Necessity (ECF No. 119) in which he disclosed that he initiated a criminal action against an assistant district attorney regarding his underlying prosecution.

place the instant Motion in context.  In 1993, Petitioner was convicted of first-degree murder for shooting a victim during the course of a robbery of a fast-food establishment in 1991.[2]  *Bond v. Beard*, Civ. A. No. 02-08592, 2006 WL 1117862, at *1 (E.D. Pa. Apr. 24, 2006).  Bond was subsequently sentenced to death for this crime.  *Id*.  After exhausting his appeals and applications for relief in state courts, all of which denied his requests, Bond filed a petition for a writ of *habeas corpus* relief under 28 U.S.C. § 2254.  *Id*.  Upon review of the petition, Judge Fullam denied habeas relief as to Bond's conviction, but granted it as to his death sentence.  *Id.* at *9-10 (holding that Petitioner received ineffective assistance of counsel during the penalty phase of his trial because counsel failed to conduct a reasonable investigation into mitigating factors).  Judge Fullam vacated Bond's death sentence and remanded the case to state court for further proceedings.  *Id.* at 10.  The United States Court of Appeals for the Third Circuit affirmed this decision on appeal.  *Bond v. Beard*, 539 F.3d 256, 292 (3d Cir. 2008).  On remand, Bond was resentenced to life in prison.  *See Bond v. Sec'y Pa. Dep't of Corr.*, No. 13-1858, slip op. at 1 (3d Cir. Feb. 18, 2014).

In the current Motion, Bond seeks relief pursuant to Rule 60(b).  He asserts that his "motion is properly before the Court under 60(b), [because] it calls into question just the matter of subject-matter jurisdiction and [a] defect in the integrity of the habeas proceeding." (ECF No. 114 at 9.)[3]  Bond argues that this is a "true 60(b) motion" because he asserts a "defect in the integrity of the habeas proceeding" and not a claim of error in his state court conviction.  (*Id.*)

---

[2] During a two-week period in 1991, Bond and another individual committed three such robberies.  During each robbery, Bond shot someone.  Two of the victims died and the third was badly injured.  Petitioner was tried separately for the three crimes and was convicted of second-degree murder, first-degree murder, and attempted murder, respectively. The present case involves only the conviction for first-degree murder.  *See Bond*, 2006 WL 1117862, at *1.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

2

Specifically, Bond argues that at no point since his arrest in 1991 through the filing of this Motion in 2020, has he ever "been provided with a copy of an affidavit of probable cause" for his arrest in the underlying criminal matter. (*Id.*) Bond details a number of attempts he has made to obtain a copy, and argues that his efforts demonstrate that the document does not exist. (*Id.* at 11.) He further claims that because a "sufficient affidavit, complaint, or information" is lacking in this case, all prior proceedings are rendered void for lack of jurisdiction and therefore his case should be dismissed. (*Id.* at 11-13.) Additionally, Bond attacks alleged actions by his trial counsel, James Bruno, and the trial court itself, which Bond claims prevented him from proceeding with counsel of his choice at trial in violation of his Sixth Amendment right. (*Id.* at 15-19.) Additionally, Bond also seeks to challenge the voluntariness of the inculpatory "false" statement he provided, alleging fraud on the part of a detective and an assistant district attorney involved in his criminal proceeding, and asserting that the statement should have been suppressed at trial. (*Id.* at 20-23.)

II.   **STANDARDS**

   A.   **Federal Rule of Civil Procedure 60**

Federal Rule of Civil Procedure 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

3

Fed. R. Civ. P. 60(b).  Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made:  either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).

### B. Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition.  That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).  Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.  Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

4

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[4] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

### III.    DISCUSSION

---

[4] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Bond's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition.  The answer to this question is clear – Bond's Rule 60(b) motion can only be viewed as a successive habeas petition.  Because the Court decided all of Bond's habeas issues on the merits – and granted the petition with regard to his death sentence – he cannot be challenging a procedural ruling that prevented a merits adjudication of his habeas petition with respect to his conviction.  Rather, he makes several arguments all of which constitute attacks on the underlying criminal proceeding and his trial – specifically, that the trial court lacked subject matter jurisdiction, that he was not permitted counsel of his choice, there was fraud by witnesses and the assistant district attorney, and his counsel was ineffective.  In short, all of Bond's Rule 60(b) arguments are in fact claims that his constitutional rights were violated in the state court criminal proceedings.

However, Bond makes no meritorious arguments that the federal habeas proceedings were faulty.  None of the arguments proffered by Bond in the present Motion constitute a proper basis for relief under Rule 60(b), including his argument that this Court lacked jurisdiction over Bond's federal habeas petition because Bond never received a copy of an affidavit of probable cause for his arrest in the underlying criminal matter.  Therefore, the Motion must be construed as an unauthorized second or successive habeas petition because Bond's argument that this Court lacked subject matter jurisdiction due to the probable cause affidavit issue is wholly without merit and his challenges to his judgment of conviction are clearly habeas claims.  Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of conviction, this Court lacks jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows. Bond's Request for Permission to Amend his Reply (ECF No. 118) will be granted.

                                                   **BY THE COURT:**

                                              *Eduardo C. Robreno*

                                              **EDUARDO C. ROBRENO, J.**